## IN RE AMENDMENTS OF LEGISLATIVE BILLS.

1. CONSTITUTIONAL LAW.

It is provided by the constitution that no bill shall be so altered or amended on its passage through either house as to change its original purpose, but this does not prohibit an amendment which is merely an extension of the original purpose of the bill.

2. SAME.

The right of amendment may be exercised with equal freedom by either

house irrespective of the question as to the particular body in which the bill originated.

3. TITLE OF BILL MAY BE AMENDED.

The title of a bill may be so amended as to cover the original purpose of the bill as extended by amendments.

*Original Proceeding.*

THE opinion of the court was delivered in response to the following resolution and interrogatory:—

" Whereas, House Bill No. 26 having passed the House, as the same is hereto attached and was transmitted to the Senate, and

" Whereas, the same was considered and amended by the Senate and passed as hereto attached,

" Therefore, be it resolved by the House of Representatives that the opinion of the Honorable Supreme Court be requested on the following matters, to wit:

" Can a bill be so altered or amended during its passage in either house as is contemplated in this bill by senate amendments under section 17 of article 5 of the Constitution? That is to say, can a bill introduced and entitled " A bill for an act to amend sec. 124 of chap. 94 be legally amended so as to amend other sections of chap. 94, or be made a general bill on revenue?"

The questions presented were discussed by Mr. J. A. KILTON, Mr. GEO. E. PEASE and Mr. CHARLES HARTZELL, *amici curiæ.*

CHIEF JUSTICE HAYT delivered the opinion of the court.

Section 17 of article V of the State Constitution, to which our attention is specifically directed by the question propounded, reads as follows:—" No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose."

By another provision of the same article of the constitu-

tion, the introduction of bills is limited to a certain specified time.  This is a wise precautionary measure designed in part to secure ample time for the consideration of all matters upon which legislation is proposed.  It is apparent, however, that this provision would be of little practical benefit if bills may be introduced dealing with a certain subject and afterwards amended so as to relate to an entirely different subject.  This furnishes, we think, the controlling reason for the existence of the section now under consideration.  Like other constitutional inhibitions upon the exercise of legislative power, it is not intended to unnecessarily embarrass proper legislation, nor will it do so if given a reasonable construction.

The house bill before us was evidently introduced in pursuance of the thirty-third subdivision of the governor's call, convening the general assembly in special session.  Viz., " To provide to reduce the penalties and interest on delinquent taxes to one half the present rates."  The general subject submitted for legislation by the executive is the reduction of the penalties and interest on delinquent taxes.  The words following are to be treated as advisory merely.  The subject having been particularly designated in the call, the extent to which legislation shall extend is primarily for legislative and not for executive determination.  *In re Governor's Proclamation, ante,* 333.

Keeping in mind this general subject and the answer to the question propounded is not difficult.  The house bill seeks to attain the object by amending a designated section of the revenue act.  By the senate amendments the same object is sought by amendments to this and other sections of the same act.  While by these amendments the provisions of the original bill are extended, the designated subject of legislation has been kept clearly in mind and the original purpose of the bill in no manner changed.

It is unlike the amendment proposed at the sixth session of the general assembly by which it was attempted to amend a bill to create a new county in the northern part of the state

so as to establish a new county out of territory 500 miles distant. The purpose of the original bill in that case was to give the citizens of a certain designated territory a separate corporate existence, while by the amendments proposed this purpose was entirely abandoned, and the fact that such a bill had been introduced within the time limited for the introduction of bills was sought to be made available for the purpose of engrafting thereon a bill designed to create a county out of other and different territory, and for a wholly distinct community—a manifest violation of the spirit and letter of the constitution. The original purpose of the bill was entirely lost sight of or disregarded, while here the general purpose as evidenced by the original bill has apparently been kept in mind and adhered to by the senate in formulating the amendments proposed.

Neither do the proposed amendments fall within the practice so justly disapproved by Judge Cooley in note 3, page 167 of his work on Constitutional Limitations. The trick denounced by the learned writer and expounder of constitutional law is where a member, entertaining an idea that he may at some future date desire legislation upon some subject not thought of within the time limited for the introduction of bills, introduces one or more sham bills for the purpose of using the same as stocks to graft upon as occasion may arise, without reference to the character or contents of the parent bill.

The case of *Hall v. Steele*, 82 Ala. 562, is more nearly in point upon the question submitted. In that case, under a constitutional provision identical with the one now under consideration, a bill which, as originally introduced, prohibited the sale of spirituous liquors in a single county or locality, by an amendment during its passage was made to embrace other places in different counties. This was held to be no more than an extension of the original purpose of the bill, and consequently not obnoxious to the constitutional provision.

In the oral argument with which we were favored by the

members selected by the honorable senate and house to aid us in our investigation, it was conceded that the right of amendment could be exercised with equal freedom by either house, irrespective of the question as to the particular body in which the bill originated. In fact, the constitutional provision under consideration is so framed as to leave no doubt of the correctness of this conclusion.

We have not investigated the title of the amended bill for the purpose of ascertaining whether or not it is free from constitutional objection, as we were informed at the hearing that the senate proposed to amend the title and give the bill an appropriate title of sufficient scope to cover the bill as amended. As this matter of title has been alluded to, although not specifically covered by the question propounded, we add, that in our judgment the title may be so amended as to cover the original purpose of the bill as extended by the proposed amendments, and when this is done the act will not be obnoxious to the constitutional inhibition under consideration.