[No. 6768.]

## IMPERIAL FIRE INSURANCE COMPANY V. CITY AND COUNTY OF DENVER.

CONSTITUTIONAL LAW—*Taxation—Exemptions*—The statute which assumes to relieve insurance companies from the payment of taxes upon their personalty (Laws 1907 c. 193, Secs. 16, 17, 18) is opposed to Sec. 10 Art. X of the constitution and void.

*Error to Denver District Court*—Hon. H. C. RIDDLE, Judge.

Messrs. BICKSLER, BENNETT & NYE for plaintiffs in error.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK and Mr. W. H. FERGUSON for defendants in error.

Plaintiff in error brought suit, the purpose of which was to enjoin the defendants from collecting, or attempting to collect, a tax assessed upon its personal property for the year 1908. In support of its alleged right to this relief, it was stated in the complaint that for the year 1908 it had paid the commissioner of insurance the sum of $711.99, which amount constituted two per cent of the gross amount of the premiums received by it within the state during the year ending December 31, 1908. Its contention that this payment relieved it from the further payment of taxes for that year, and that defendants had no authority to levy or collect taxes upon its personal property for that period, was based upon an act of the legislature entitled "An act relating to an insurance department, in and for the state of Colorado, and to regulate the insurance companies  *  *  *  and others doing business therein, providing penalties for violation thereof, and repealing all acts and parts of acts in conflict therewith."   Session Laws 1907, p. 431.. Section 16 of the act is as follows:

"All insurance companies engaged in the transaction of the business of insurance in this state, shall annually, on or before the first day of March in each year, pay to the commissioner of insurance two per cent (2%) on the gross amount of premiums received in this state during the year ending the previous 31st day of December. Insurance companies shall not be subject to any further taxation except on real estate and the fees provided by this act."

The act further provides (sections 17 and 18) that the funds thus realized shall be retained by the state and applied to the payment of the expenses of the insurance department, and that any excess after paying such expenses shall be transferred to the general

fund, and used for the redemption of outstanding warrants and such other indebtedness in payment of which such fund can be applied.

To the complaint a general demurrer was interposed and sustained.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Plaintiff's sole contention is, that its personal property is exempt from taxation by the county authorities by virtue of the provisions of section 16 above quoted. Section 10 of Article X of our constitution is as follows:

"All corporations in this state or doing business therein, shall be subject to taxation for state, county, school, municipal and other purposes on the real and personal property owned or used by them within the territorial limits of the authority levying the tax."

The act in question undertakes to exempt insurance companies from the payment of taxes levied by the authorities and for the purposes contemplated by this section. The taxes realized under section 16 of the act are retained by the state. If the exemption is upheld, it relieves insurance companies from paying their just and fair proportion of taxes which may be levied by county authorities for state, county, school, municipal and other purposes, and deprives the various subdivisions of the state from receiving the taxes which such authorities are authorized to levy for their benefit upon the personal property of insurance companies owned by them within the territorial limits of the authorities levying such taxes. The constitution inhibits such exemptions and inhibitions. To the extent, then, at least, that the act undertakes to exempt the personal property of insurance companies from

taxation, by county authorities, for other than state purposes, it is invalid.

The judgment of the district court is affirmed.

Decision *en banc.*        *Judgment affirmed.*

CHIEF JUSTICE CAMPBELL not participating.