[No. 7218.]

COLORADO NATIONAL LIFE ASSURANCE CO. v. CLAYTON,
COMMISSIONER OF INSURANCE.

1.  CONSTITUTIONAL LAW—*Revenue Bills*—A bill designed to accomplish some well defined purpose other than raising revenue is not within the prohibition of sec. 31, art. V of the constitution, even though, as incident to its main purpose, it contains provisions, the enforcement of which may produce revenue. An act, the primary purpose of which is to regulate insurance companies (Laws 1907, c. 193, Rev. Stat., c. 70) is not to be regarded as within the constitutional provision merely because certain small fees, and a tax upon the gross amount of the premiums collected in each year, are imposed upon the insurance companies.

2.  ——*Statute Unconstitutional in Part*—If a statute contains an unconstitutional provision which was inducement to its passage, and all its parts are so closely connected as to compel the conclusion that the act would not have been passed without the vicious provision, the infected clause must be condemned to the extent of the infection.

3.  STATUTES—*Construed*—An act making elaborate provision 'for regulating the business of insurance, and the conduct 'of insurance companies (Rev. Stat., c. 70) contained a section imposing, beside certain fees, an annual tax upon the gross amount of the annual premiums collected by the insurance companies, and exempted such corporations from all other taxes except those assessed upon real property. This exemption was void under sec. 6 of art. X of the constitution. Considering that since 1883, in all legislation upon the subject, insurance companies had been required to pay, in some form, a similar regulation tax, *held*, that the clause containing the exemption might be rejected, and the residue of the section saved.


*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.


Mr. CLARENCE A. BRANDENBURG, Mr. JACOB FILLIUS and Mr. WILLIAM E. HUTTON, for plaintiff in error.


Mr. BENJAMIN GRIFFITH, attorney general, and Mr. ARCHIBALD A. LEE, deputy attorney general, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1.   December, 1909, plaintiff filed a complaint in the district court at Denver, alleging its incorporation under the laws of Colorado; that the legislature in 1907 passed an act regulating insurance companies within the state, and that defendant is the commissioner of insurance provided by the act; that section 16 of the act provides: 'All insurance companies engaged in the transaction of the business of insurance in this state, shall annually, on or before the first day of March, in each year, pay to the commissioner of insurance, two per cent. on the gross amount of premiums received within this state during the year ending the previous 31st day of December.   Insurance companies shall not be subject to any further taxation except on real estate, and the fees provided by this act'; that section 74 repeals all laws relating to insurance in force prior thereto; that section 16 is a revenue measure and unconstitutional, because it originated in the senate, instead of the house; also that it violates sections 6, 9 and 10, article X, of the constitution; that prior to March 1st, 1909, plaintiff was enjoying in this, and other states, a large and profitable life insurance business; that its right to continue in business in this state depended upon its securing annually on the 1st of March, a license from the commissioner of insurance, and its right to transact business in other states depends upon its right to continue in business in this state; that the insurance act provides:   Should the commissioner of insurance refuse to renew plaintiff's license, it becomes his duty to publish the fact in one or more of the Denver daily papers, and prohibits plaintiff from transacting any insurance business in this state until its authority shall have been restored by the commissioner; that its success depends on securing new business, and a failure to obtain a license upon the 1st of March, would have destroyed its business in Colorado, and would have caused the revocation of its license to do business

in other states, because it is prohibited from transacting business without a license. Notwithstanding which, defendant, as commissioner of insurance, on March 1st, 1909, refused to renew the petitioner's license, or to issue to it a license unless it paid to him as commissioner of insurance, a two per cent. tax on the gross amount of premiums it received within the state during the year ending the previous 31st day of December, and threatened in that event to publish that plaintiff's license had not been renewed, and that it could not longer transact business within the state, and alleged should it attempt to do so, that its officers and agents would be liable to fine and imprisonment; that to prevent the destruction of its business, and to secure the required license, plaintiff then and there, under duress and under protest, and claiming and insisting that section 16 was unconstitutional and void, and that defendant as commissioner of insurance had no right to insist upon payment to him of the two per cent. tax, paid defendant as commissioner of insurance, the sum of $3,842.48, which was two per cent. of the gross amount of premiums received within the state during the year ending the previous 31st day of December, and thereupon defendant issued to plaintiff a license; that when the license was refused, plaintiff had complied with all the remaining insurance laws of Colorado; that defendant refused to return the money, though requested so to do; and it prays judgment for $3,842.48, with eight per cent. interest from March 1st, 1909, and costs.

December 13, 1910, the court sustained a general demurrer to the complaint, and plaintiff electing to abide by its complaint, entered judgment for defendant, and plaintiff. brings the case here upon error.

2. The legislature passed insurance acts in 1883, 1895 and 1907, all of which required the payment of certain enumerated fees and a two per cent. tax on premiums. The act of 1883 required the payment of enumerated fees, a two per. cent. tax annually on net premiums, and exempted insurance

companies from further taxation except upon real estate. The act of 1895 required the fees, the payment of a two per cent. tax annually upon gross premiums received during the year; but made no exemptions. The act of 1907 repeals all prior acts, reorganizes and re-establishes the department of insurance with a commissioner of insurance at its head, and is a comprehensive code of insurance laws intended to protect the people and regulate the insurance business and insurance companies doing business within the state. It requires the payment of enumerated fees, a two per cent. tax annually on gross premiums, and exempts them from further taxation except on real estate.

3. This exempting clause in section 16 was held unconstitutional in *Imperial Co. v. Denver,* 51 Colo. 456; that is, it was there held that insurance companies must pay taxes on all their property, and that the exemption was illegal on account of constitutional restrictions, and it is claimed this makes the two per cent. tax illegal because the exemption was the consideration or inducement for its passage.

4. Plaintiff contends the tax is a revenue measure, and unconstitutional because the act originated in the senate instead of the house. This contention does not meet with our approval. A bill designed to accomplish some well defined purpose other than raising revenue, is not a revenue measure. Merely because, as an incident to its main purpose, it may contain provisions, the enforcement of which produces a revenue, does not make it a revenue measure. Revenue bills are those which have for their object the levying of taxes in the strict sense of the words. If the principal object is another purpose, the incidental production of revenue growing out of the enforcement of the act will not make it a bill for raising revenue. The primary object and purpose of this bill was to regulate insurance companies, and the insurance business in the state. It is a regulation or supervision tax, and the method of arriving at the amount, or because of its operation the act produces an excess which is required to be turned into

the general fund, does not affect its validity or render it an act for revenue.—26 Am. & Eng. Enc. of Law, 539; 1 Story on the Constitution (5th Ed.), sec. 880; 1 Andrews' Am. Law, 241; *Twin City Nat. Bank v. Nebeker,* 167 U. S. 196; *Northern Counties Trust v. Sears,* 30 Ore. 388; *French v. People,* 6 Colo. App. 311; *Home Ins. Co. v. N. Y.,* 134 U. S. 594.

5. The remaining question is, what effect does the exemption clause in the section have upon the two per cent. tax; does it destroy the tax or does the remainder of the section stand without the exemption? Will the intent of the legislature be defeated by holding the exemption invalid, and the two per cent. tax valid? It is fundamental in the construction of legislative acts, if a statute contains an unconstitutional clause which was the inducement for its passage, and all its parts are so closely connected as to warrant the belief that the legislature would not have passed the valid part alone, then the law should be declared void. The power of the legislature to impose the two per cent. tax may well be conceded; but in determining its legality, we should try to ascertain the object and intent of the legislature, and, if we find the two per cent. tax on premiums is so dependent upon and closely connected with the exempting clause that the former would not have been passed without the latter, then it is illegal.

It is claimed by plaintiff, the intention in imposing on insurance companies the two per cent. tax on premiums was contingent upon their being exempt from the payment of other taxes except on real estate, and as the contingency is unconstitutional, the tax does not express the legislative intent; that the exemption was the inducement for imposing the tax, and the legislature would not have passed one without the other. If it is true the exemption was the inducement for imposing the tax on premiums, and the two clauses are so intimately connected as to make it clear that the tax on premiums would not have been imposed without the exemption then both should be declared illegal.

We have attempted to show that the object of the legislature was to regulate insurance companies and insurance business in the state, and the intent was to create a fund for this purpose and for the maintenance of the insurance department. We have also said, because it produces an excess, which is required to be transferred into the general fund, does not make it a revenue measure or change the primary purpose of the legislature.

In arriving at the legislative intent, it is proper that we should consider the legislative history of this two per cent. tax. Insurance companies have been required since 1883, to pay a regulation tax of two per cent., sometimes with, and sometimes without exemptions; sometimes on gross, and sometimes on net premiums; but they have always been required to pay it in some form. This shows that it has always been the legislative intent since 1883, to require them to pay a regulation tax. The exemption has nothing to do with the necessity for requiring this tax, and we are not at liberty to presume it would not have been imposed without the exemption. We have no right under the circumstances and history of this tax to say, that because the exemption is unconstitutional, the tax would not have been imposed. The purposes for which it is needed are just as necessary, and just as pressing with or without the exemption. The exemption does not change the necessity for, or the object of the tax, or the intent of the legislature in requiring it. So it is not apparent that the exemption was the inducement which caused the legislature to impose it. The tax and the exemption are not so closely related or connected that the tax cannot stand and the exemption fall without doing violence to the legislative intent. Because the exemption is illegal does not change the general object and purpose of the legislature requiring insurance companies to pay a regulation tax. If the legislature had made no exemption, and carried out its object, it is evident it would have required a regulation tax. We believe the tax can stand without the unconstitutional part and that when

-the invalid exemption is expunged, the act is still operative and that the legislative intent can be carried into effect without the exemption.

If the section stood alone, as a primary and independent revenue measure, there would be force in the contention that the enactment of the two per cent. tax was intended to be contingent upon insurance companies being exempt from the further payment of taxes. But as we have said, the two per cent. tax is primarily for the purpose of raising necessary funds for carrying the insurance act into effect, and would have been just as necessary without exemption.—*State of Iowa v. Santee,* 111 Ia. 1; *N. W. Mut. Ins. Co. v. Lewis & Clark Co.* 28 Mont. 484.

The judgment is affirmed.　　　　　　*Affirmed.*

Decision *en banc.*

Mr. JUSTICE SCOTT not participating.

Decided January 24, A. D. 1913. Rehearing denied March 3, A. D. 1913.