## In re WILLIAM HOFFERT.

### (148 N. W. 20.)

1. **Constitutional Law—Taxation—Licenses—Automobiles on Highways—Privilege Tax.**

    Laws 1913, Ch. 276, imposing an annual registration fee of $6. on motor vehicles used on public highways, of which 12½ per cent. is paid to Secretary of State, the balance to be placed in county motor vehicle fund, to be expended only for repair and maintenance of public highways beyond limits of cities and towns, **held**, not to impose a property tax, but a tax for privilege of using motor vehicles on public highways.

2. **Constitutional Law—Licenses—Unlawful Discrimination—Classification—Revenue Measure.**

    Laws 1913, Ch. 276, imposing an annual registration fee of $6. on motor vehicles used on public highways, and defining such vehicle to include all vehicles propelled by any other than muscular power, except motor trucks, drays, delivery wagons, engines, etc., creates two classes of vehicles, within the power of the Legislature, and **held**, the act is not discriminatory against motor vehicles so defined. **Held**, further, that such law is not vulnerable as being a revenue measure.

3. **Constitutional Law—Licenses—Motor Vehicles—Use of Highways —Legislative Power.**

    The Legislature may, if it believes it will serve best interests of the public, exclude motor vehicles from public highways, or may require their operators thereon to contribute to expense imposed on the public by their use; and **held**, that Laws 1913, Ch. 276, imposing an annual registration fee on such vehicles used on public highways, 12½ per cent. of which goes to Secretary of State, the balance to county motor vehicle fund for care and maintenance of public highways, is valid.

(Opinion filed July 13, 1914.)

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Petition of William Hoffert for his discharge upon habeas corpus, he having been arrested for alleged violation of the auto-

mobile license law of this State. From a judgment denying relief and remanding petitioner to custody, he appeals. Affirmed.

*Null & Royhl,* for Appellant.

*Royal C. Johnson,* Attorney General, and *C. C. Caldwell,* State's Attorney, for Respondent.

(1) Under point one of the opinion, Appellant submitted that: The automobiles are taxed as property. To impose any further taxation by way of license is to impose a double tax on these vehicles. And cited:

Cooley on Taxation, p. 598; Mark v. District of Columbia, 37 L. R. A., N. S.; Christy v. Elliot, Vol. I, L. R. A., N. S. 215, and note; Troy v. Western Union Telegraph Company, 27 L. R. A., N. S. 627, and note; State v. Lawrence (Miss.), 61 So. 976, L. R. A., N. S. Vol. I, 581.

Respondent submitted that: The $6.00 license fee is not a tax upon the automobile. And cited:

Marmet v. State, 45 Ohio St. 63, 12 N. E. 465; 25 Cyc. 597; 37 Cyc. 706; Schmidt v. City, 168 Ind. 631, 80 N. E. 632; Pheohrs v. Manhattan, 105 Va. 144, 8 Ann. Cas. 667; 21 Am. & Eng. Ency. Law, 774; Berry, Law of Automobiles, Sec. 79; Com. v. Boyd, 188 Mass. 79, 74 N. E. 255; Ash v. People, 11 Mich. 347; People v. Murray, 149 N. Y. 367; Freund Police Power, Sec. 37; Unwen vs. State, 73 N. J. L. 529, 64 Atl. 163; Peo. v. Schneider, 139 Mich. 673, 103 N. W. 172, 69 L. R. A. 345, 5 Ann. Cas. 791; Tiedman Police Power, p. 279; Leavenworth v. Booth, 15 Kan. 627.

(2) Under point two of the opinion, Appellant cited:

McGehee, due process of law, 341; Graves v. Janes, 11 O. Law Rep. 321.

Respondent cited:

Kersey v. Terre Haute, 161 Ind. 471, 68 N. E. 1027.

(3) Under point three of the opinion, Respondent cited:

Unwen v. State, *supra*; Harder's Co. v. Chicago, 238 Ill. 58, 14 Ann. Cas. 544.

POLLEY, J. The question presented for consideration by this record is the constitutionality of chapter 276 Laws of 1913, known as the Automobile Law. As applied to the facts in this case, said chapter imposes an annual registration fee of six dollars on all motor vehicles used upon the public highways of the state. This fee is to be paid to the county treasurer, who is required to for-

ward 12½% thereof to the secretary of state, while the remaining 87½% shall be placed in the "County Motor Vehicle Road Fund" and shall be expended only for the repair and maintenance of the public highways beyond the limits of cities and towns.

[1] It is conceded by appellant that the state has the right, in the exercise of its police power, to license motor vehicles used upon the public highways, and that it may charge a license fee sufficient in amount to cover the cost of registering and numbering said vehicles for the purpose of identification, but that it has no right to collect a greater amount than is necessary for such purpose. Under the statute in question, 12½% of the amount collected (which is forwarded to the Secretary of State) is applied to this purpose, and is conceded to be a reasonable amount. This amount, then, appellant concedes to be a license fee proper, and no complaint is made by him, so far as this part of the amount collected is concerned.

In regard to the remaining 87½% of the fee, amounting to $5.25 for each motor vehicle in use upon the public highways, a different question is presented. It is contended by appellant that, so far as this amount is concerned, the Act is a pure revenue measure, and to that extent the legislature has attempted to exceed its constitutional limitation: That motor vehicles are assessed and taxed according to their value, the same as other personal property, and that the collection of the above sum amounts to double taxation, and is, therefore, in violation of the constitution. In this contention, appellant is clearly wrong. Section 8 of the Act in question provides that, upon the application for registration of a motor vehicle, $6.00 shall be paid to the county treasurer, but by section 3 no application need be made except for motor vehicles that are to be operated or driven upon the public highways of the state. From this, it is plain that the amount involved is in no sense a property tax. It is not levied upon the vehicle itself nor upon its possession or ownership, but is collected only for the privilege of using such vehicle upon the public highway. Under this law, a man may own one, or any number of motor vehicles, but, if their use or operation is confined to his own premises, they will be subject to no license fee, or tax other than a personal tax based upon assessment thereof.

[2] Nor does the classification of self-driven vehicles provided by the terms of said law, amount to an unlawful discrimination. The law creates two classes of self-driven vehicles, one of which is composed of motor trucks, motor drays, motor delivery wagons, traction engines, motor rollers, fire engines, police patrol wagons, ambulances, and such vehicles as run only upon rails or tracks: While the other class includes all other vehicles not propelled by muscular power. This latter class includes all those motor vehicles commonly known as automobiles, and are used for the conveyance of persons, largely over the public highways, beyond the confines of incorporated cities and towns, while the vehicles comprising the former class are used largely for various trade and commercial purposes within the limits of cities or towns. In other words, the one class, for the use of which the license fee is collected, uses, to a great extent, the roads and bridges that are built and maintained at the expense of the county, while the other class is confined largely to the use of roads and streets that are built, owned and maintained by the various municipalities. Thus self-driven vehicles are classified according to the use to which they are put rather than according to the means by which they are propelled. This classification is clearly within the legislative power, and so long as there is no partiality within the classes, no unlawful discrimination is shown: Mark v. District of Columbia, 37 App. Dec. 563, 37 L. R. A. (N. S.) 440. Nor is the law vulnerable upon the ground that it is a revenue measure. Under this head, appellant, in support of his contention, relies upon State v. Lawrence, decided by the Supreme Court of Mississippi, 61 So. 976, and Graves v. Janes, decided by the Court of Appeals of Franklin County, Ohio, 11 Ohio Law Rep. 321 (S. C. in common pleas, 24 Ohio S. & C. P. Dec. 55). But these cases are not in point in a case under a statute like ours. The Mississippi statute requires the collection of statute like ours. The Mississippi statute requires the collection of a license fee varying in amount from five dollars to twenty-five dollars for each motor vehicle in use upon the highways, according to the motive power of the particular vehicle. The entire fee collected was turned over to the state treasurer to the credit of the general fund of the state, but it appears as a fact, in the case just cited, that the expense of registering and numbering a motor vehicle amounted to less than one dollar. The court held the law to be void under the due

process clause of the state and federal constitution. By the provisions of the law under consideration in the Ohio case, the owner of every motor vehicle to be used upon the public highways was required to pay to the Secretary of State a license fee, ranging from $3.00 to $18.00, according to the motive power of the particular vehicle. From the amount so collected, the Secretary of State was required to defray the expense of carrying out the provisions of the law and the balance was to be turned in to the State Treasury. Of this amount one-third was to be used for the repair, maintenance and policing of the public highways of the state, but leaving the remainder subject to general uses. To this extent, the court held the law to be a general revenue measure and for that reason, unconstitutional and void.

[3] The effect of these, and similar, laws is to compel a person, because he uses an automobile on the public roads, to contribute money to the general fund of the state. It then becomes available for general purposes, and may be used for purposes in nowise connected with the use of the public roads or with the ownership or operation of a motor vehicle. But our law is not subject to this criticism. The part of the money collected (of which appellant is complaining) goes into the motor vehicle road fund, and can be applied to no use except the repair and maintenance of the public roads. It is in the nature of a license or toll for the use of the public highways. It is a well known fact that motor vehicles, and especially when driven at high speed, are far more destructive of roadways than animal propelled vehicles. Their use materially increases the cost of maintaining the public roads; and it is neither unreasonable nor unjust that they should be required to pay, or help to pay, this increased expense. The public highways are wholly under the control and supervision of the Legislature. The Legislature could, if it believed it would subserve the best interests of the public, exclude motor vehicles from the use of the public highways altogether; and certainly it may call upon the users of such vehicles to contribute to the expense imposed upon the public by their use. Similar statutes have been upheld on this ground by other courts, and we fully agree with the conclusions reached by those courts: Kane v. State, 80 Atl. 453, Ann. Cas. 1912 D.; 237; Cleary v. Johnston, 79 N. J. Laws 49, 74 Atl. 538; Mark v. District of Columbia, supra.

Our attention has been directed to the very recent case of Vernor v. Secretary of State, decided by the Michigan court and reported in 146 N. W. 338, and which passed upon the automobile law of that state. This was obviously a revenue measure and was declared to be unconstitutional and void, but the court based its conclusions upon the specific ground that the title of the act did not indicate the scope and purpose thereof, and for that reason, the decision is of little assistance in this case.

The judgment appealed from is affirmed.