## No. 9029.

### ARD v. THE PEOPLE.

1. MOTOR VEHICLES—*License—Statute Construed.* The provisions of the motor vehicle act (Laws 1913, p. 114) imposing a license fee "for motor vehicles up to 20 horse power . . . , Five Dollars for motor vehicles of twenty-one horse power, and less than forty horse power inclusive, and Ten Dollars for motor vehicles of forty-one horse power and over" imposes a license upon vehicles both of twenty horse power, and forty horse power.

2. WORDS AND PHRASES. "Up To," in the statute above quoted is inclusive.

3. STATUTES—*Construction.* The word "to" in a statute is one of exclusion or the contrary, depending upon the legislative intent, as drawn from the whole statute.

4. CONSTITUTIONAL LAW—*Taxation.* Sec. 3 of art 10 of the constitution refers solely to taxation, according to the accepted meaning of that term, by assessment, levy and collection. It has no reference to license or registration fees, e. g. the fee provided to be paid upon motor vehicles.

5. POLICE POWER—*Revenue.* The Motor Vehicle Act (Laws 1913 c. 114) is not a Revenue measure.

A Revenue measure has for its object the levying of taxes in the strict sense of the word. If the principal purpose of the act is otherwise, the incidental production of revenue by the enforcement thereof will not make it a revenue measure.

*Error to Logan District Court, Hon. H. P. Burke, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Mr. LESLIE E. HUBBARD, Attorney General, Mr. CHARLES ROACH, Assistant Attorney General, for The People.

Mr. Justice Allen delivered the opinion of the Court:

THE plaintiff in error was convicted in the District Court of Logan County on a charge of violating section 1 of the Motor Vehicle License Act (Chapter 114, Session Laws of 1913). The information alleges, in substance, that he operated a motor vehicle "without having said motor vehicle registered with the Secretary of State." The evidence shows, and it is conceded, that the defendant operated a motor vehicle without having procured a license, and that he refused to take out a license.

The assignments of error, as argued, raise only questions pertaining to the constitutionality of the Motor Vehicle Act of 1913, above cited.

The first contention of the plaintiff in error is that the act violates section 25 or article 5 of the Constitution of Colorado which prohibits the general assembly from passing any local or special law. In this connection, the plaintiff in error claims that the act "places a burden upon one class of persons, while it exempts others similarly situated," and that "it is class legislation."

This contention is based solely on the construction which the plaintiff in error places upon the statute, which is, that it exempts from licensing those motor vehicles which are twenty horse power, and also those of forty horse power. If such construction is not correct, and if the act places the requirement for license upon all motor vehicles, including those of twenty and those of forty horse power, there is no occasion for considering the constitutional question

above mentioned, nor is it contended that in that event the statute would be class or special legislation.

The language of the act which gives rise to the foregoing question of construction is found in section 2 thereof, where it is provided that a license fee of $2.50 shall be paid "for motor vehicles of up to twenty horse power, * * * $5.00 for motor vehicles of twenty-one horse power and less than forty horse power inclusive; and $10.00 for motor vehicles of forty-one horse power and over."

The plaintiff in error insists that the phrase "up to twenty horse power" excludes vehicles of twenty horse power, and that no provision is made for licensing motor vehicles of twenty horse power, since the statute next provides for a fee for registering motor vehicles of twenty one horse power or over. In other words, it is claimed that the word "to," in the expression above quoted, is a word of exclusion.

The meaning of the word "to" is to be ascertained from the reason and sense in which it is used. *Stough v. Reeves,* 42 Colo. 432, 437, 95 Pac. 958. Whether the word will be held to be one of exclusion or inclusion is usually determined by the context of the statute, and will be held to include or exclude as the evident intention of the legislature requires. *State v. Benson,* 21 Wash. 364, 370, 58 Pac. 217. Tested by these rules, the word "to," as used in the statute in question, is undoubtedly a term of inclusion, and the statute must be construed as if it expressly and unequivocally required a registration fee for all motor vehicles, the fee of $2.50 being fixed for all motor vehicles of up to and *including* twenty horse power.

One of the purposes of the statute was to require the registration of *all* motor vehicles that shall be operated or driven upon the streets or highways. This purpose is indicated by the title of the act, and is also evidenced by various provisions of the statute. It also follows from these considerations that the provision for a license fee "for motor vehicles of twenty-one horse power and less than

forty horse power inclusive," includes motor vehicles of forty horse power.

It is next contended that the Motor Vehicle Act of 1913, "violates section 3, article 10, of the state constitution of the state of Colorado, requiring uniformity in taxation, and requiring taxes to be based upon a just valuation." The constitutional provision or section thus referred to, provides as follows:

"All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal."

This section of the state constitution refers solely to taxation according to the commonly accepted meaning of that term, by assessment, levy, and collection, and does not apply to license or registration fees. In *Denver City Ry. Co. v. Denver*, 21 Colo. 350, 353, 41 Pac. 828, 29 L. R. A. 608, 52 Am. St. 239, this court, after quoting from the foregoing section, said:

"It seems to be almost universally accepted that this, and like constitutional provisions, refer to the levy of ad valorem taxes upon property, and do not apply to taxation imposed upon privileges and occupations."

The registration or license fees required by the Act of 1913, is a "taxation imposed upon privileges," within the rule announced in *Denver City Ry. Co. v. Denver, supra.* Such registration fees are a tax upon the privilege of using the motor vehicle upon the public highway. This being true, the fees in question are not a tax upon property, and hence the constitutional provision relied on by plaintiff in error has no application in the instant case. A like question is discussed, and the same conclusion reached, in the following cases: *Atkins v. State Highway Department* (Tex. Civil App. 1918), 201 S. W. 226; *Ex-parte Hoffert*, 34 S. D. 271, 148 N. W. 20, 52 L. R. A. (N. S.) 949; *Re*

*Kessler*, 26 Idaho 764, 146 Pac. 113, L. R. A. 1915D, 322, Ann. Cas. 1917A, 228; *State v. Lawrence*, 108 Miss. 291, 66 South. 745, Ann. Cas. 1917E, 322; *Kane v. Titus*, 81 N. J. Law 594, 80 Atl. 453, L. R. A. 1917B, 553, Ann. Cas. 1912D, 237; Berry on Automobiles, sec. 91.

The third and last objection urged by the plaintiff in error is that "The Motor Vehicle Act is an attempt under the police powers of the state to pass a revenue measure." This objection cannot be sustained. A revenue measure is one which has for its object the levying of taxes in the strict sense of the words. If the principal object is another purpose, the incidental production of revenue growing out of the enforcement of the act will not make it one for raising revenue. *Assurance Co. v. Clayton*, 54 Colo. 256, 130 Pac. 330; *C. B. & Q. R. Co. v. School District*, 63 Colo. 159, 165 Pac. 260. The purpose of the registration fees required by the Motor Vehicle Act is not the levying of taxes or the collection of revenue. Such fees are in the nature of a license or toll for the use of the public highways. *Ex parte Hoffert, supra.* In Berry on Automobiles, sec. 91, citing *Kane v. Titus, supra,* it is said that the license fee "is a charge in the nature of compensation for damages done to the roads of the state by driving such machines over them." In accord with the view above taken, is the case of *Atkins v. State Highway Department, supra,* where it is held that the fact that the proceeds of automobile licenses are used in the construction of roads does not render the license provisions of the motor vehicle law a revenue measure. In this connection, see also *Hendrick v. Maryland*, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; and *Re Kessler, supra.*

There is no error in the judgment complained of, and it is accordingly affirmed.

Affirmed.

Decision en banc.

Mr. Justice Burke not participating.