## No. 13,463.

### In re Interrogatories of the Senate Concerning the Constitutionality of House Bill No. 45.

(29 P. [2d] 705)

Decided January 22, 1934.   Opinion filed January 29, 1934.

*En Banc.*

Per Curiam.

The Honorable Senate of the 29th General Assembly regularly convened in its second extraordinary session has, under date of January 19, 1934, by Senate Resolu-

tion No. 5, submitted to this court certain interrogatories concerning the constitutionality of a portion of House Bill No. 45. Said interrogatories are propounded under authority of section 3 of article VI of the Constitution which requires this court to give its opinion "upon important questions upon solemn occasions when required by * * *, the senate, * * *."

To those interrogatories, because of the apparent necessity for prompt action (the Legislature having finally adjourned on the evening of January 22, 1934) we answered orally on the forenoon of that day that in the opinion of the court said House Bill was not within the Governor's call, and that a written opinion in conformity to the mandate of said section 3 would be filed later.

▋ Since in the absence of the second portion of said section 3, this court, under the provisions of section 2 of article VI of the Constitution, would be powerless to answer such interrogatories, its answer must of necessity be limited to those questions specifically enumerated in said section 3. What are such the court itself must determine. *In Re Penitentiary Commissioners*, 19 Colo. 409, 35 Pac. 915. It follows that before answering any such interrogatories the court must determine that the questions are important and the occasion solemn. This can only be done in the instant case by an examination of the entire bill and a consideration of the circumstances under which it comes before the legislative department.

▋ Extraordinary sessions of the general assembly can only be convened by proclamation of the governor, and the business transacted therein is limited to that named in the proclamation. §9, art. IV, Colorado Constitution.

▋ We take judicial knowledge of the proclamation of the chief executive for the convening of the present extraordinary session and have been furnished with copies of said House Bill No. 45 as amended by the House of Representatives and now pending before the Senate, and the legislative journals relating thereto. It requires

no argument to demonstrate that if said House Bill No. 45 is not within the business specified in said executive proclamation, questions concerning its constitutionality are not ''important'' as that word is used in said section 3.

The title of House Bill No. 45 declares, inter alia, that it is ''An act to provide revenue for the relief of the unemployed, destitute and suffering.'' But the bill itself provides an elaborate code regulating the manufacture, sale and use of malt, vinous and spirituous liquors, and sets up a new state agency entitled ''State Liquor Control Board'' which is given complete control of the subject. It provides for relief of the unemployed and destitute merely by diverting a small amount of the revenue raised from liquor control into the Old Age Pension Fund and setting aside another small amount for the use of the Colorado State Relief Committee. It is sufficient here to say that if this bill comes within the Governor's call it can only be by reason of said provisions.

A bill whose chief purpose is other than the raising of revenue does not become a revenue measure merely because some of its provisions produce revenue. *Colo. N. L. A. Co. v. Clayton,* 54 Colo. 256, 259, 130 Pac. 330. The legislature can not go beyond the limits of the business ''specifically named in the proclamation.'' *In Re Governor's Proclamation,* 19 Colo. 333, 35 Pac. 530.

It follows that since the chief purpose of House Bill No. 45 is the enactment of a comprehensive liquor control code, and the raising of revenue for the relief of the suffering and destitute is but a remote incident thereof, the act is not within the Governor's proclamation and could under no circumstances be valid if passed by the present extraordinary session. Questions relating to the constitutionality of any portion of it are therefore not important questions, and this court is without power to answer them.

Mr. Justice Bouck not participating.