Hon. Robert F. Burford Speaker House of Representatives State Capitol Building Denver, Colorado, 80203
Dear Mr. Burford:
QUESTION PRESENTED AND CONCLUSION
This is in response to your January 28, 1980 request for my opinion on whether House bill 1063 (1980 Sess.) is within the Governor's Call.
My conclusion is that the bill is not within the call.
ANALYSIS
The relevant call item is item 17 on the January 11, 1980 call, which reads:
 To provide a one-day mandatory jail term for a person convicted of driving a vehicle while under the influence of intoxicating liquor or any drug.
As drafted, House bill 1063 does the following: (1) creates two new offenses of driving under the influence and driving while ability is impaired; (2) establishes a sentencing scheme of mandatory minimum jail terms and/or fines; (3) prohibits plea bargaining if a defendant's blood alcohol content exceeds .20 percent; (4) makes various conforming amendments in the alcohol and drug driving safety program and the driver's license revocation or suspension statutes.
In item 17, the Governor has asked the legislature to consider providing a mandatory jail term for persons convicted of driving under the influence. This item is within his discretion, although his suggestion that the mandatory jail term be one day is advisory. In Re Amendments of Legislative Bills,19 Colo. 356, 35 P. 917 (1894).
SUMMARY
Accordingly, it is my conclusion that House bill 1063 is not within the Governor's Call and, under article V, section 7 of the Colorado Constitution, the general assembly cannot enact this bill.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR LEGISLATIVE BILLS MOTOR VEHICLES
H.B. 1063 (1980 Sess.)
Colo. Const. art. V, § 7
LEGISLATIVE BRANCH House of Representatives EXECUTIVE BRANCH Governor, Office of
H.B. 1063 (1980 Session) regarding driving under the influence was not within the scope of the Governor's Call although part of the call item was advisory only.