The Honorable Richard Lamm Governor of the State of Colorado State Capitol Building Denver, Colorado 80203
Dear Governor Lamm:
Your opinion request was received on March 5, 1980.
QUESTIONS PRESENTED AND CONCLUSIONS
You have asked my opinion on whether H.B. 1217 (1980 Sess.) is within the Governor's call. Alternatively, you have asked whether the bill is a revenue-raising bill.
 It is my opinion that H.B. 1217 is neither on the call nor a revenue-raising measure.
ANALYSIS
H.B. 1217 is entitled "Concerning the Raising of Revenue, to be Shared with Local Governments, by Providing for Pari-Mutuel Wagering at Satellite Facilities Operated in Conjunction with Licensed Race Meets." The bill would make several amendments to the state's Racing Act, C.R.S. 1973, 12-60-100.2 etseq. The changes include: authorization of pari-mutuel betting at satellite facilities, as defined in the bill; regulation of satellite facilities by the racing commission; amendments to the schedule of license fees; and allocation of the percentage of the fees to a local government fund created by the bill.
In order to be validly enacted during an even-numbered session of the legislature, a bill must be within the Governor's call or it must be either a revenue-raising bill or an appropriation. Colorado Constitution article V, section 7. My examination of the Governor's call reveals no item which covers the subject of this bill. Nor is this bill is an appropriation. Thus, the only question remaining is whether the bill is a revenue-raising measure.
As a general rule, a revenue-raising measure does not include a bill which serves some other primary purpose and only incidentally produces revenue. 1 Sands, Sutherland'sStatutory Construction section 9.06 (1972 ed.). As the Colorado Supreme Court stated in Colorado National LifeAssurance Co. v. Clayton, 54 Colo. 256, 259-60,130 P.2d 330, 332 (1913):
 A bill designed to accomplish some well defined purpose other than raising revenue, is not a revenue raising measure. Merely because, as an incident to its main purpose, it may contain provisions, the enforcement of which produces a revenue does not make it a revenue measure. Revenue bills are those which have for their object the levying of taxes in the strict sense of the words. If the principal object is another purpose, the incidental production of revenue growing out of the enforcement of the act will not make it a bill for raising revenue. The primary object and purpose of this bill was to regulate insurance companies, and the insurance business in this state. It is a regulation or supervision tax, and the method of arriving at the amount, or because of its operation the act produces an excess which is required to be turned into the general fund, does not affect its validity or render it an act for revenue.
The Colorado Supreme Court analyzed the original Racing Act inCentennial Turf Club v. Colorado Racing Commission,129 Colo. 529, 271 P.2d 1046 (1954). In that case, the court concluded that the Racing Act was not a revenue-raising measure. The court stated: "Our so-called Racing Act as a whole is not a revenue measure, but such portions thereof as provide for the collection of revenue and to be paid into the general fund are revenue measures." Id. at 537,271 P.2d at 1050.
In my opinion, the same analysis applies to H.B. 1217. The main purpose of the bill is to authorize and regulate the operation of satellite betting facilities; the revenue portions of the bill are only ancillary or incidental to that main purpose. Under the relevant case law, H.B. 1217 is not a revenue-raising measure.
Even the revenue portions of H.B. 1217 do not all fall within the constitutional definition of a revenue-raising measure. Under sections 6 and 7 of the bill, a certain percentage of the fees generated is "earmarked" for transfer to a local government fund. Moneys from this fund are paid to units of local government under certain conditions set forth in the bill. The moneys raised for the local government fund are not revenue-raising measures in the constitutional sense because the constitutional provision is limited to the levying and collection of taxes for the purpose of deferring the costs of state government. Chicago,Burlington Quincy Railroad v. School District No. 1,63 Colo. 159, 165 P. 260 (1917). See also Attorney GeneralOpinion No. 60-3363 (January 1, 1960).
SUMMARY
In my opinion, H.B. 1217 is neither on the Governor's Call nor a revenue-raising measure and it cannot be validly enacted during this session of the legislature.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR
LEGISLATIVE BILLS
RACING, DOG
RACING, HORSE
H.B. 1217 (1980)
C.R.S. 1973, 12-60-100.2
Colo. Const. art. V, § 7
EXECUTIVE BRANCH
Governor, Office of
LEGISLATIVE BRANCH
General Assembly
H.B. 1217 (1980 Session) was neither within the Governor's Call nor a revenue-raising measure.