ROBINSON v. THE PEOPLE.

1. CRIMINAL LAW—DENTISTRY.
It is not unlawful, under the act of 1889 as amended in 1891, for a person to practice dentistry, if he possesses the "other qualifications" prescribed by the board of dental examiners and is a graduate of, and holds a diploma from, a reputable chartered institution where the specialty of dentistry is taught, or has received a license from the board of dental examiners of any other state, notwithstanding he may not have been licensed by the board of dental examiners of this state.

2. STATUTORY CONSTRUCTION.
A penal statute is not to be extended by forced construction to cover cases not within its terms.

*Error to the County Court of Pueblo County.*

Messrs. DIXON & DIXON and Mr. GEO. Q. RICHMOND, for the plaintiff in error.

THE ATTORNEY GENERAL and Mr. H. T. SALE, of counsel, for the People.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The defendant was tried and convicted under an information charging him with practicing dentistry in this state without having graduated and received a diploma from a reputable chartered institution where the specialty of dentistry is taught, and not then having received a license from the board of dental examiners of this state, or of any other state, and not then having a permit temporarily to practice. He was thereupon sentenced to pay a fine of one hundred dollars, which judgment upon this writ of error he seeks to reverse.

Only one of the errors assigned will be considered, as its commission by the trial court is fatal to the judgment. The record discloses an admission by the defendant that he was engaged in the practice of dentistry without a license, either permanent or temporary, from the Colorado state board of dental examiners, and upon this admission the court below adjudged him guilty.

If guilty, it is because some statute so declares, for, in the absence of such a prohibitory enactment, any person may lawfully engage in the practice of dentistry in this state. The law under which the defendant is being prosecuted is to be found in the Session Laws of 1889, at page 122, and of 1891, at page 134. Section 1 of the act of 1889 prohibits every person from practicing dentistry in this state without a permanent or temporary license therefor issued by the state board of dental examiners. Section 4 provides for the issuing by the secretary of the board of a temporary permit to those already engaged in the practice in this state when the act took effect, with a provision for a subsequent examination by the full board of those holding these temporary permits, and the granting of certificates by the officers of the board to such as successfully pass the required examination, which certificates entitle the holders to continue in their profession. Section 5 applies to all persons desiring in the first instance to engage in the practice, and provides for

granting a license to those satisfactorily passing the examination to which they are subjected.

The act of 1891 amends section 1 of the former act, and is as follows:

"SECTION 1. From and after the passage of this act it shall be unlawful for any person to engage in the practice of dentistry in this state, or to receive a license from the board of dental examiners, unless in addition to the other qualifications prescribed by said board, such person has graduated and received a diploma from the faculty of a reputable, chartered institution where this specialty is taught, either under the authority of one of the states of the United States, or of a foreign government acknowledged as such or shall have received a license from the board of dental examiners of any other state." * * *

It will thus be seen that by section 1 of the act of 1889 the possession of a license, either permanent or temporary, from the board of dental examiners of this state was a condition precedent to the right to engage in the practice of dentistry. This section, however, was repealed by the amendment of 1891, which latter act now makes it lawful for any person to practice dentistry in this state, if he possesses the "other qualifications" prescribed by the board, and, in addition thereto, is a graduate of, and holds a diploma from, a reputable chartered institution where the specialty of dentistry is taught, or if he has received a license to practice from the board of dental examiners of any other state. The act, as now in force, nowhere declares that a license from the board of examiners of this state is necessary, nor does it make unlawful the practicing of dentistry in this state without such a license. If, therefore, one possesses the "other qualifications," and is a graduate and holds the prescribed diploma, or a license from a board of examiners of another state, he may, so far as this act is concerned, lawfully practice dentistry in this state.

Doubtless it was the design to provide that proof of graduation and possession of the diploma, or foreign license,

should be made to the board of examiners of this state, and also that if the applicant possessed the "other qualifications" called for by the act, the board should then issue him a license; and it may be conceded that it was also the intention to provide that no one, not holding such a license, should engage in the practice of dentistry; but, if such was the intention, the legislature has not so expressed it; and in passing upon a penal statute, such as this is, we must not extend it by a forced construction to cover cases not within its provisions.

In the state of this record it appears that the defendant possesses the "other qualifications" which the act requires (at least, it is not charged that he does not), and that he is also a graduate of a reputable institution and holds the prescribed diploma. The mere fact that the defendant does not hold a license from the state board of dental examiners of this state—it not being required by the statute—does not render him guilty of violating its provisions.

The judgment is reversed, with instructions to discontinue further proceedings under this information.

*Reversed.*