[No. 5483.]
[No. 3153 C. A.]

## THE CITY OF COLORADO SPRINGS V. NEVILLE.

1. **Constitutional Law—Cities and Towns—Damages—Statutes Requiring Notice in Personal Injuries—Validity.**

Municipal corporations organized under the Colorado general municipal incorporation act, have such rights and powers, and are subject to such obligations and liabilities, as the general assembly sees fit to give or impose; and, for injuries received upon their streets, the general assembly may, or may not, require them to respond in damages; and, in this connection, may make it a condition precedent to the attaching of such liability, or the right to sue therefor, that notice be given the city of such injury within a specified time.—P. 221.

2. **Same.**

The act of 1903 (Sess. Laws 1903, p. 457), and the act of 1899 (Sess. Laws 1899, p. 365), requiring notice to be given a city within a specified time of personal injuries received, before an action may be brought to recover damages therefor, are valid.—P. 222.

3. **Same — Act Not Retrospective — General Saving Statute — Statutory Construction.**

Plaintiff was injured by falling on defendant's sidewalk, about thirty days prior to the law of 1903 (Sess. Laws 1903, p. 457) going into effect, and, after said law had become effective, gave notice to the city of her alleged injuries in accordance with the requirements of said act. Held, that such injury having been received prior to such law taking effect, plaintiff should have complied with the notice required by the act of 1899 (Sess. Laws 1899, p. 365); and, upon failure so to do, the city was not liable, notwithstanding the general saving statute of 1891 (Sess. Laws 1891, p. 366), since § 11, art. 2, Colo. const., operates as a saving clause incorporated into the act of 1903, even though the latter act repealed the act of 1899.—P. 223.

*Appeal from the District Court of El Paso County.
Hon. Louis W. Cunningham, Judge.*

Action by Ella Neville against the city of Colorado Springs. From a judgment for plaintiff, defendant appeals.    *Reversed.*

Mr. JOHN W. SHEAFOR, city attorney, Messrs. SHEAFOR & KINNEY and Mr. WM. C. ROBINSON, for appellant.

Mr. GEORGE GARDNER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Mrs. Neville, claiming to have been injured by falling on one of defendant's side-walks, recovered a judgment against defendant, the city of Colorado Springs, a city of the first class, from which judgment defendant appeals.

Of the numerous errors assigned, only one will be considered, as its decision in favor of the city's contention, necessitates a reversal of the judgment.

The injuries were inflicted June 11, 1903. The statute then in force (Session Laws 1899, p. 365) provided: "Before any city of the first class shall be liable for damages to any person injured upon any of the streets, avenues, alleys or sidewalks of the city, the person so injured, his agent or attorney, shall give the mayor, city clerk or city council, notice in writing of such injury within six months after the same has been received, stating in such notice when, where and how the injury was received, and the extent thereof."

The fourteenth general assembly (Session Laws 1903, p. 457) passed an act concerning liabilities of cities and towns for personal injuries, which was approved April 9, 1903, and became a law ninety days thereafter, section 1 of which is:

"No action for the recovery of compensation for personal injury or death against any city of the first or second class, or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the per-

son injured, his agent or attorney, within ninety (90) days, and the action is commenced within two years, from the occurrence of the accident causing the injury or death.''

Before beginning the action, and on July 21, 1903, after the act of 1903 took effect, plaintiff served upon the city clerk of defendant a notice avowedly given as a compliance therewith, which, *inter alia,* stated that she ''received personal injuries on account of the negligence of the said city of Colorado Springs, for which she intends to hold said city liable for damages sustained in that regard.''

When on the trial plaintiff offered in evidence a copy of this notice, defendant objected thereto upon the ground that it was not such a notice as is required by law. The particular defect thereof is said to be that the injuries were not therein described at all, or their extent given, as the act of 1899 requires. It becomes important, therefore, to determine, so far as concerns plaintiff's cause of action, which one of the foregoing acts concerning notice applies; for, if the rights of the parties are governed by the act of 1899, the notice was clearly insufficient under the decision of our court of appeals in *City of Denver v. Barron,* 6 Colo. App. 72. See, also, *Stoors v. City of Denver,* 19 Colo. App. 159. Indeed, plaintiff makes no claim that this notice is sufficient under this act, but her contention is that the act of 1903, being a law in force at the time the notice was given (July 21, 1903), controls, and as this notice was strictly in accordance with its requirements, which are different and less onerous than those contained in the act of 1899, her compliance with the later act entitles her to maintain this action.

Municipal corporations organized, as is the city of Colorado Springs, under the general municipal incorporation act, have such rights and powers, and

are subject to such obligations and liabilities, as the general assembly sees fit to give or impose. For damages incurred by injuries upon its streets or sidewalks, the general assembly may, or may not, impose an obligation upon them to respond therefor. It is competent, therefore, for the general assembly to pass statutes like these we are considering, making it a condition precedent to the attaching of liability for such injuries, or the right to sue therefor, the giving of a notice of this character.—*Cunningham v. Denver*, 23 Colo. 18. These statutes, therefore, are valid, and to settle the rights of these parties, the point for decision is, with which one plaintiff was obliged to comply in giving notice.

In those jurisdictions where there is no constitutional inhibition upon retrospective legislation, unless the intention of the legislature is clearly manifested to the contrary, the courts will give only a prospective effect to public laws; and where, as in Colorado, there is a constitutional prohibition against this species of legislation, it would be beyond the power of the legislature, even by manifesting its intention to do so, to pass retrospective laws which substantially affect, injuriously, vested rights.

Though the title of the act of 1903 provides for a repeal of inconsistent acts, there is no express repeal in the body of the statute, and if the statute in any respect repeals or amends the act of 1899, it is by implication only. It is not necessary, however, for us now to determine whether the later, operates as an implied repeal or amendment of the earlier, act. For our present purpose we may assume that the intention of the general assembly was to accomplish its repeal. In the act of 1903 no intention whatever is shown, and, if it was, effect could not be given to it, to make it apply to existing causes of

action. It is restricted to causes of action for injuries which shall thereafter be sustained.

In the leading case of *Denver, South Park & Pac. Ry. Co. v. Woodward,* 4 Colo. 162, the court, speaking by Thatcher, C. J., of our constitutional provision against retrospective legislation, said that it "operates as a saving clause incorporated into the repealing section"; and he further said that "neither an affirmative enactment nor a repealing statute can be so construed under our constitution as to retroact upon and impair or take away accrued rights, which by the authority of law, and in the manner pointed out by it, had been previously asserted."

In *Brown v. Challis,* 23 Colo. 125, it was held to be incompetent for the legislature to create a new ground for the support of an existing cause of action, or to take away any legal defense to such action; and our court of appeals in *Day v. Madden,* 9 Colo. App. 464, said that any law which deprives a party of any vested right of action or defense has been universally held unconstitutional and void under similar constitutional provisions.

It is clear, therefore, under these and other authorities which might be cited, that, without respect to the effect or bearing upon this case of the general saving act of 1891 (Session Laws 1891, p. 366), our constitutional provision, § 11 of art. 2, against retrospective legislation, operates as a saving clause incorporated into the act of 1903, if the latter is, as plaintiff claims, a repeal of the act of 1899, saving to plaintiff her vested cause of action, and to defendant its defenses thereunder, which could not be taken away.

The liability of the city for the injuries which plaintiff sustained was conditioned by the act of 1899, among other things, upon the giving of the prescribed notice. Thereunder defendant's liability did

not attach, and it had a substantial defense to the maintenance of an action by the plaintiff, if she did not, within the specified time, give the prescribed notice. It was not competent for the general assembly, even had it so intended, which it did not, after the defendant's right of defense became vested, thereafter seriously to impair or take it away.

For the failure of plaintiff to give the statutory notice required, this judgment must be reversed and the cause remanded.                    *Reversed.*

Chief Justice Steele and Mr. Justice Gabbert concur.