No. 12,303.

PEEK *v.* CITY OF LAMAR, COLORADO.
(285 Pac. 168)

Decided February 17, 1930.

Mr. ALLYN COLE, for plaintiff in error.

Mr. HERSCHEL HORN, Mr. GRANBY HILLYER, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action by plaintiff for personal injuries, alleged to have been sustained by him through the negligence of the city of Lamar, in permitting a manhole of a storm sewer in one of its streets to remain for a long time in a defective and dangerous condition.

A general demurrer to the amended complaint was sustained by the trial court. The plaintiff elected to stand upon the amended complaint, and the ruling of the trial court sustaining the demurrer is the only question raised here, and this assignment of error is confined to the allegation as to the time of the service of the written notice of the injury, as required by the statutes.

We think the district court properly sustained the demurrer to the amended complaint. The defect in the amended complaint is that it does not allege that within ninety days from the occurrence of the accident causing the injury the plaintiff caused a written notice of the time, place, and cause of the injury to be given to the city clerk, as provided by statute.

Section 9157, C. L. 1921, provides as follows: "No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety (90) days and the action is commenced within two years from the occurrence of the accident causing the injury or death. But the notice given under the provisions of this act shall not be deemed invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of injury; *Provided,* It is shown that there was no intention to mislead and that the city council or board of trustees was, in fact, not misled thereby."

The amended complaint alleges: "That following said injury, plaintiff made his condition known by word of mouth to certain of the city council of the city of Lamar,

and later caused formal and written notice and claim to be served upon the city attorney of the city of Lamar, which city attorney then and there filed said information with the mayor and city council and the city clerk of said city of Lamar, and the city council and mayor duly considered said claim, and after having considered the same for some months, rejected the same, and refused to pay this plaintiff the amount thereof, or any part thereof. That at the time of filing said notice and claim conditions had remained and were the same as at the date of said injury; that said manhole remains and still remains in its same condition, and that although said notice was filed more than ninety days after the date of said injury no damage or injury resulted to the defendant by reason of such delay; no lack of information resulted therefrom, and such delay or any informality caused neither change in condition or lack of opportunity to the city to investigate said injury, and that all things remain and were the same at the time of the filing of said information and claim as at the date of said injury.''

This court has held that in an action against a municipal corporation, to recover damages for an injury resulting from defective streets, the complaint must show that the written notice required by statute has been given, or it fails to state a cause of action. *Colorado Springs v. Neville*, 42 Colo. 219, 93 Pac. 1096; *Denver v. Saulcey*, 5 Colo. App. 420, 38 Pac. 1098.

The statute is plain upon the subject: ''No action'' for personal injury against a city ''shall be maintained unless written notice'' ''is given to the city clerk'' ''within ninety days'' ''from the occurrence of the accident.'' The inhibition is clear. The written notice must be served within the time required by the statute, and is a condition precedent to the institution of the action, and must be alleged and proved, as any other material fact in the complaint. In *Colorado Springs v. Neville, supra,* Mr. Justice Campbell, speaking for the court, said: ''Municipal corporations organized, as is the city of

110

Colorado Springs, under the general municipal incorporation act, have such rights and powers, and are subject to such obligations and liabilities, as the general assembly sees fit to give or impose. For damages incurred by injuries upon its streets or sidewalks, the general assembly may, or may not, impose an obligation upon them to respond therefor. It is competent, therefore, for the general assembly to pass statutes like these we are considering, making it a condition precedent to the attaching of liability for such injuries, or the right to sue therefor, the giving of a notice of this character."

There was no error in the ruling and judgment of the court below, and the judgment will, accordingly, be affirmed.

Mr. Justice Adams, Mr. Justice Campbell and Mr. Justice Alter concur.