## No. 13,503.

### DAHLIN *v.* CITY AND COUNTY OF DENVER.

(48 P. [2d] 1013)

Decided August 5, 1935.

Mr. J. A. MARSH, Mr. O. OTTO MOORE, for plaintiff in error.

Mr. JAMES D. PARRIOTT, Mr. FREDERICK P. CRANSTON, Mr. KARL C. BRAUNS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

IN a personal injury action brought by Belle E. Dahlin against the City and County of Denver, judgment on the pleadings was rendered against the plaintiff. She seeks a reversal of that judgment.

The action was commenced more than two years after the occurrence of the accident that is alleged to have caused the injury. Section 9157, Compiled Laws, Session Laws of 1903, chapter 175, page 457, section 1, provides: "No action for the recovery of compensation for personal injury or death against any city of the first * * * class * * * on account of its negligence, shall be maintained unless * * * the action is commenced within two years from the occurrence of the accident causing the injury or death."

1. Plaintiff's counsel contend that the provision quoted above is unconstitutional in that the subject is not clearly expressed in the title of the act, as required by section 21 of article 5 of the Colorado Constitution. We cannot uphold the contention. The title of the act is, "An Act concerning liability of cities and towns for personal injuries * * *." The word "concerning" is thus defined in Webster's New International Dictionary (2d Ed.): "Pertaining to; regarding; having relation to; respecting; as regards." The provision in question has relation to the liability of cities for personal injuries. It is closely allied, appropriate and relevant to the subject of the bill as expressed in its title. It is fairly germane to the subject-matter expressed in the title, and therefore complies with the constitutional mandate. *People ex rel. Colorado Bar Association v. Erbaugh,* 42 Colo. 480, 94 Pac. 349; *Stockman v. Brooks,* 17 Colo. 248, 29 Pac. 746; *Catron v. Board of County Commissioners,* 18 Colo. 553, 33 Pac. 513. The word "germane" is thus defined in the dictionary referred to above: "Closely allied; appropriate; relevant."

■ 2. But, say counsel for the plaintiff, even if the act is constitutional, it has no force in Denver because of section 158 (342) of article 8 of the Denver charter, which reads: ''Before the city and county shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks or other public places of the city and county, the person so injured or someone on his behalf, shall, within sixty days after receiving such injuries, give the mayor notice, in writing of such injuries, stating fully in such notice, when, where and how the injuries occurred and the extent thereof.''

It is said that as the charter does not limit the time within which action may be commenced, there is no limitation. With that contention also we disagree. We need not consider the question whether the adoption of a limitation provision is within the power conferred upon Denver by Amendment Twenty of the Constitution, for if it were, no provision has been adopted that conflicts with, and therefore supersedes, the limitation statute quoted above. Amendment Twenty provides that the charter and ordinances concerning local and municipal matters ''shall supersede * * * any law of the state in conflict therewith.'' The limitation statute does not conflict with the Denver charter or any Denver ordinance. It is applicable to actions against Denver for damages for personal injuries caused by negligence.

The judgment is right. It is affirmed.

Mr. Justice Burke did not participate.