## No. 14,130.

### Horst *v.* City and County of Denver.
(73 P. [2d] 388)

Decided October 18, 1937.

Messrs. PARRIOTT & CRANSTON, Mr. HARRY A. FEDER, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. GLENN G. SAUNDERS, Mr. ROBERT J. KIRSCHWING, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter refered to as plaintiff and the city respectively.

The city's general demurrer to plaintiff's amended complaint was sustained, she elected to stand, and to review the judgment of dismissal thereupon entered against her she prosecutes this writ. The principal question before us is, Should prior notice of the claim have been served and pleaded?

From the complaint it appears that the city maintains a baseball park within its corporate limits, across the street from which plaintiff resided. One afternoon, while a game was in progress, plaintiff, in the act of opening the front door of her residence, was struck by a ball and sustained the injuries for which she herein claims damages.

Section 6, article XX of the state Constitution, adopted in 1912, and under which the city's present government operates, provides, inter alia:

"Such charter and the ordinances made pursuant thereto in such matters [local and municipal] shall supersede within the territorial limits and other jurisdiction of said city or town any law of the state in conflict therewith * * *.

"The statutes of the state of Colorado, so far as applicable, shall continue to apply to such cities and towns, except in so far as superseded by the charters of such cities and towns or by ordinance passed pursuant to such charters."

Section 231, chapter 163, C. S. A. 1935 (§9157 C. L. 1921), which has been in force since 1903, reads in part: "No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety days * * * from the occurrence of the accident causing the injury or death."

Section 158 of the city's charter (Municipal Code 1927) reads: "Before the city and county shall be liable for damages to any person injured upon any of the streets, avenues, alleys, sidewalks or other public places of the city and county, the person so injured or someone on his behalf, shall, within sixty days after receiving such injuries, give the mayor notice, in writing of such injuries, stating fully in such notice, when, where and how the injuries occurred and the extent thereof."

It will be observed that the statute requires prior notice to the city in *all* cases of claims for damages for personal injury whereas the charter requires such notice only where the injury occurs in a public place. This injury occurred in a private place.

Plaintiff's position is that the charter provision superseded the statute in toto, hence in case of injury in a private place no notice is required. The city's position is that the charter superseded the statute only in so far as

the two were in conflict, or covered the identical subject; that since the statute relates to injuries in both public and private places, and the charter relates to injuries in public places only, the statute is still in force in Denver so far as it covers injuries in private places, hence notice to the city must be given and pleaded, and, as this was not done, the demurrer was properly sustained. We think the city is right. *Peek v. Lamar*, 87 Colo. 107, 285 Pac. 168.

The city relies strongly upon *Dahlin v. Denver*, 97 Colo. 239, 241, 48 P. (2d) 1013, whereas counsel for plaintiff say it is not controlling, that it goes no further than to hold "that a statute relative to limitations of actions is not superseded by a charter provision relative to injury." Strictly speaking, we think they are correct as to the quoted statement, but we are further of the opinion that, following the reasoning of the Dahlin case, it inevitably leads to a conclusion against them. This is best illustrated by a further quotation from their brief, where they say, "We maintain that a statute relative to notice of injury is superseded by a charter provision relative to notice of injury." The assertion is true but too general. A statute relative to notice of personal injury would clearly not be superseded by a charter provision relative to notice of injury to property. For the same reason a statute relative to notice of personal injury sustained in a private place is not superseded by a charter provision relative to notice of personal injury sustained in a public place.

Plaintiff also assigns error to a ruling of the trial court striking a portion of her complaint. The portion stricken was merely a legal conclusion and the ruling was correct. Plaintiff could not possibly have been prejudiced thereby.

The judgment is affirmed.

MR. JUSTICE HILLIARD, MR. JUSTICE BAKKE and MR. JUSTICE KNOUS concur.