585 P.2d 932 (1978)
Stephen V. LIPIRA, Plaintiff-Appellant,
v.
CITY OF THORNTON, Defendant-Appellee.
No. 77-787.
Colorado Court of Appeals, Div. II.
October 12, 1978.
Donald E. McMichael, Mitchell Benedict, III, Denver, Law, Nagel & Clark, P. C., Fenton A. Bain, John M. Law, Denver, for plaintiff-appellant.
Wood, Ris & Hames, P. C., William K. Ris, Daniel M. Fowler, Denver, for defendant-appellee.
STERNBERG, Judge.
Stephen Lipira was injured and his wife killed when his automobile left the road at a curve. Contending that the cause of the accident was the negligence of the City of Thornton in constructing and maintaining the road, Lipira sued the City. The trial court granted the City's motion for summary judgment because Lipira had not complied with the City's home-rule charter requirement that notice of claim be given within 60 days after the accident. Lipira had given notice 73 days after the accident, which notice was within the 90-day time limit provided for in the Colorado Governmental Immunity Act, § 24-10-109(1), C.R.S. 1973. Lipira contends that the notice provision of the state statute, rather than that contained in the City charter, is applicable. We agree and therefore reverse and remand for further proceedings.
Tort claims against home-rule cities are matters of both statewide and local concern. DeLong v. City & County of Denver, Colo., 576 P.2d 537 (1978). The Governmental Immunity Act evidences the intent of the General Assembly to establish statewide uniformity in bringing such claims. Section 24-10-102, C.R.S. 1973, provides:
"The general assembly also recognizes the desirability of including within one article all the circumstances under which the state or any of its political subdivisions may be liable in actions other than contract. . . ."
The substantive right to sue the City in tort exists under state law, and the City cannot limit that right by a law peculiar to *933 the municipality. See Hardamon v. Municipal Court, 178 Colo. 271, 497 P.2d 1000 (1972). To the extent the City charter establishes a different notice of claim procedure, it conflicts with the statute. When a conflict exists in a matter of both statewide and local concern, the statute controls. See DeLong, supra; and Huff v. Mayor of Colorado Springs, 182 Colo. 108, 512 P.2d 632 (1973).
The City has cited Horst v. City & County of Denver, 101 Colo. 284, 73 P.2d 388 (1937) and Fisher v. City & County of Denver, 123 Colo. 158, 225 P.2d 828 (1950), as requiring the conclusion that the City charter prevails. However, in Horst the court was not dealing with a situation where there was a direct conflict between the City charter's notice of claim provisions and those of the statute. Thus, while the opinion contains statements indicating that if a situation did arise where the two are in conflict that the charter would prevail, these comments were merely obiter dicta and as such not controlling upon later decisions. Young v. People, 54 Colo. 293, 130 P. 1011 (1913). Nor does Fisher control; it merely quotes the dictum from Horst. In any event, both Horst and Fisher predate by many years the present Governmental Immunity Act, enacted in 1972, which reinstated a modified version of the doctrine of sovereign immunity in Colorado after the doctrine had been abrogated by the Supreme Court in Evans v. Board of County Commissioners, 174 Colo. 97, 482 P.2d 968 (1971) and companion cases decided the same day.
Because Lipira's notice of claim complied with the requirements of § 24-10-109(1), C.R.S. 1973, his notice was timely and the City's motion for summary judgment should not have been granted.
Consequently, the judgment is reversed and the cause remanded for further proceedings.
ENOCH and SMITH, JJ., concur.