629 P.2d 1105 (1981)
Marion K. FORREST and Julia A. Forrest, Plaintiffs-Appellants,
v.
The COUNTY COMMISSIONERS IN AND FOR the COUNTY OF ADAMS, State of Colorado, and Bert Johnson, Sheriff of the County of Adams, State of Colorado, individually and jointly and severally, Defendants-Appellees, and
IMPERIAL DISTRIBUTION SERVICES, INC., a Delaware corporation, Paul F. Larned, and Edward Lake, Defendants and Third-Party Plaintiffs,
v.
LANDFILL, INC., Third-Party Defendant.
No. 80CA0865.
Colorado Court of Appeals, Div. II.
May 7, 1981.
*1106 Myrick, Newton & Sullivan, P. C., Robert O. Newton, Denver, for plaintiffs-appellants.
S. Morris Lubow, Adams County Atty., Ann Victoria Hopcroft, Asst. County Atty., Brighton, for defendants-appellees.
KELLY, Judge.
Plaintiffs, Marion K. Forrest and Julia A. Forrest, appeal the order of the trial court dismissing their claims against Adams County and Bert Johnson, Sheriff of Adams County, for their failure to comply with the provisions of § 30-25-110,[1] C.R.S.1973, which governs the presentation and payment of a claim against a county. Plaintiffs contend that it is unnecessary for a plaintiff in a tort action to present a claim to the board of county commissioners pursuant to § 30-25-110 when he has complied with the notice requirement of the Governmental Immunity Act, § 24-10-101, et seq., C.R.S.1973. We agree and therefore reverse.
Marion K. Forrest was injured at a landfill site when a compactor drove over discarded material causing a caustic liquid to spray into his eyes. The plaintiffs filed a complaint against Adams County, Sheriff Johnson, and others not involved in this appeal, alleging negligence. Adams County and Johnson moved for dismissal of the claims against them on the grounds that the plaintiffs had not complied with § 30-25-110, C.R.S.1973, and that they could not be named parties to the action because they are indemnitors under the Governmental Immunity Act, § 24-10-104(2), C.R.S.1973. The trial court dismissed Adams County and Johnson on the first ground and thus did not reach the second issue.
We agree with the plaintiffs that § 30-25-110 does not apply to tort actions brought against a county government. The legislative purpose of the Governmental Immunity Act is stated in the Act:
"It is further recognized that the state, its political subdivisions, and the public employees of such public entities, by virtue of the services and functions provided, the powers exercised, and the consequences of unlimited liability to the governmental process should be liable for their actions and those of their agents only to such an extent and subject to such conditions as are provided by this article.

*1107 The general assembly also recognizes the desirability of including within one article all the circumstances under which the state, any of its political subdivisions, or the public employees of such public entities may be liable in actions other than contract and that the distinction for liability purposes between governmental and proprietary functions should be abolished." Section 24-10-102, C.R.S.1973 (1980 Cum.Supp.). (emphasis added)
This purpose is further emphasized in § 24-10-105, C.R.S.1973, which states as follows:
"It is the intent of this article to cover all actions which lie in or could lie in tort regardless of whether that may be the type of action chosen by the claimant, and no public entity shall be liable for such actions except as provided in this article." (emphasis added)
The statute is clear that all tort actions brought against public entities, including counties, are covered exclusively by the Governmental Immunity Act. Section 24-10-103(5), C.R.S.1973; see State Compensation Insurance Fund v. Colorado Springs, Colo.App., 602 P.2d 881 (1979). The act "was intended to define the bounds of public entity liability . . . ." Kristensen v. Jones, 195 Colo. 122, 125, 575 P.2d 854, 856 (1978); see also Fritz v. Regents of the University of Colorado, 196 Colo. 335, 586 P.2d 23 (1978); Antonopoulos v. Telluride, 187 Colo. 392, 532 P.2d 346 (1975); Lipira v. City of Thornton, 41 Colo.App. 401, 585 P.2d 932 (1978).
Such an interpretation does not contravene the purpose of § 30-25-110 to give the board of county commissioners an opportunity to pass on the claim. Rio Grande County v. Bloom, 14 Colo.App. 187, 59 P. 417 (1899). Similarly, one of the purposes of the notice provisions of the Governmental Immunity Act, § 24-10-109, C.R.S.1973, is to allow the public entity to determine its liability and settle meritorious claims. Antonopoulos v. Telluride, supra; see also Fisher v. City & County of Denver, 123 Colo. 158, 225 P.2d 828 (1950). Compliance with the notice requirements of the Governmental Immunity Act provides sufficient notice to satisfy the legislative intent of § 30-25-110. The information supplied includes identification of the claimant, the date and nature of the incident giving rise to the claim, the county employees involved, the theory of recovery, the extent of the injuries and the requested damages.
In view of this conclusion, it is necessary to consider whether § 24-10-104, C.R.S. 1973, precludes the County of Adams from being made party to this action as a named defendant. See Sunshine v. Mansfield Realty, 195 Colo. 95, 575 P.2d 847 (1978). The defendants' argument is that, because they are liable as indemnitors under § 29-5-111(1),[2] C.R.S. 1973, the county stands as an insurer to defendant Lake, the deputy sheriff of the Adams County Sheriff's Department who was present at the time of plaintiff's injury, and is thus entitled to the protection of § 24-10-104(2). We disagree.
Section 24-10-104, C.R.S. 1973, provides:
"(1) Notwithstanding any provision of law or of this article to the contrary, if a public entity provides insurance coverage provided by an insurance company authorized to do business in this state to insure itself against liability for any injury or to insure any of its employees against his liability for any injury resulting from an act or omission by such employee acting within the scope of his employment, then such public entity shall be deemed to have waived the defense of sovereign immunity in any action for damages for any such injury insured against, subject to the provisions of subsection (2) of this section.
(2) If the defense of sovereign immunity would be available to a public entity except for the provisions of subsection (1) of this section, then damages for injury shall *1108 not be recoverable in excess of the amount of the insurance coverage and shall be recovered from the insurer only. The insurer shall not be named as a party defendant."
Section 24-10-104(2), C.R.S. 1973, refers to the insurance company discussed in subsection (1). Hence, the statute prevents general liability insurers from being named as party defendants and does not apply to prevent public entities from being named as parties. This interpretation is supported by § 24-10-110, C.R.S. 1973, which requires a public entity to be made a party defendant in order to be liable for the cost of defense of its employees and the payments of any judgments arising out of the performance of the employee's duties. A statute is to be construed as a whole so as to give "consistent, harmonious, and sensible effect to all its parts." Massey v. District Court, 180 Colo. 359, 506 P.2d 128 (1973).
Accordingly, the judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
PIERCE and VAN CISE, JJ., concur.
NOTES
[1] Section 30-25-110 provides in pertinent part: "Claims presented to board, when  how paid. (1) Any claim or demand held by any person against a county shall be presented for audit and allowance to the board of county commissioners of the proper county, in due form of law, before an action in any court shall be maintainable thereon, and all claims, when allowed, shall be paid by a county warrant or order, drawn by said board on the county treasury, upon the proper fund in the treasury, for the amount of such claim. Such warrant or order shall be signed by the chairman of the board, permanent or temporary, attested by the county clerk and recorder, and, when presented to the county treasurer for registry, countersigned by him; said warrant or order shall specify the amount and value of the claim or service for which it is issued and be numbered and dated in the order in which it is issued."
[2] Section 29-5-111(1) provides in pertinent part:

"Notwithstanding the doctrines of soverign immunity and respondeat superior, a ... county ... shall indemnify its paid peace officers for any liability incurred by them and for any judgment . . . entered against them for torts committed within the scope of their employment. . . ."