2014 COA 166

**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**John Anthony MONTGOMERY,
Defendant–Appellant.**

**Court of Appeals No. 13CA1287**

Colorado Court of Appeals,
Div. I.

Announced December 4, 2014

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S. 2014.

John W. Suthers, Attorney General, Molly E. McNab, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

John Anthony Montgomery, Pro Se

Opinion by JUDGE TAUBMAN

¶ 1 Defendant, John Anthony Montgomery, appeals the order denying his motion for postconviction relief filed under Crim. P. 35(a), which asserts that his sentence to the custody of the Department of Corrections (DOC) is illegal and excessive. We affirm.

## I. Background

¶ 2 Montgomery pleaded guilty in three related criminal cases involving the sexual assault of three children. He was convicted of one count of sexual assault on a child and two counts of sexual assault on a child in a position of trust—pattern of abuse.

¶ 3 The trial court sentenced Montgomery under the Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA) to two consecutive sixteen-years-to-life terms and one consecutive six-years-to-life term. Montgomery filed a motion to reconsider his sentence under Crim. P. 35(b), which the court denied. He then filed a motion under Crim.

P. 35(a), alleging that his sentence was illegal and excessive. After the trial court denied his Crim. P. 35(a) motion, he appealed.

## II. Illegal Sentence

¶ 4 Montgomery makes three arguments supporting his contention that his sentence is illegal. He contends that (1) SOLSA violates article V, section 21 of the Colorado Constitution because the statute's title does not reflect its substance; (2) SOLSA is invalid because courts have found its language to be ambiguous; and (3) the Colorado Supreme Court unconstitutionally interpreted SOLSA's ambiguous language instead of seeking input from the legislature.

■ ¶ 5 In making these arguments, Montgomery directs us to his Crim. P. 35(a) motion for a further explanation of his arguments. However, such incorporation by reference is not permitted. C.A.R. 57; *Castillo v. Koppes–Conway,* 148 P.3d 289, 291 (Colo. App. 2006) (Incorporation by reference "is improper because it attempts to shift . . . the task of locating and synthesizing the relevant facts and arguments.").

¶ 6 The sections of Montgomery's brief contending that SOLSA is ambiguous and that the supreme court unconstitutionally interpreted SOLSA's language are replete with conclusory statements supported by little or no case law. *See Antolovich v. Brown Grp. Retail, Inc.,* 183 P.3d 582, 604 (Colo.App. 2007) (declining to address "underdeveloped arguments" in a party's brief); *see also People v. Wallin,* 167 P.3d 183, 187 (Colo.App. 2007) (we do not consider issues presented in a perfunctory manner). Without the incorporation of Montgomery's trial court motion, which is prohibited, these two contentions fail.

¶ 7 However, Montgomery sufficiently argues in his opening brief that SOLSA violates article V, section 21 of the Colorado Constitution. Therefore, we address the merits of that contention.

### A. Article V, Section 21

¶ 8 Montgomery contends that SOLSA violates article V, section 21 of the Colorado Constitution because the statute's title does not reflect its substance.[1] Numerous published Colorado appellate cases have rejected constitutional challenges to SOLSA. *See People v. Firth,* 205 P.3d 445, 452 (Colo.App. 2008) (SOLSA does not violate right to trial by jury, equal protection, prohibition against cruel and unusual punishment, or separation of powers); *People v. Lehmkuhl,* 117 P.3d 98, 108 (Colo.App. 2004) (SOLSA does not violate procedural or substantive due process, equal protection, separation of powers, privilege against self-incrimination, or prohibition against cruel and unusual punishment); *People v. Dash,* 104 P.3d 286, 290–93 (Colo.App. 2004) (same); *People v. Oglethorpe,* 87 P.3d 129, 133–36 (Colo.App. 2003) (same); *People v. Strean,* 74 P.3d 387, 393–96 (Colo.App. 2002) (SOLSA does not violate procedural or substantive due process, equal protection, or separation of powers). However, the issue Montgomery raises has not yet been addressed.

### B. Standard of Review

■ ¶ 9 We review a constitutional challenge to a statute de novo. *Hinojos–Mendoza v. People,* 169 P.3d 662, 668 (Colo. 2007). Statutes are presumed constitutional. *Dash,* 104 P.3d at 290. The party challenging the statute's validity has the burden to prove unconstitutionality beyond a reasonable doubt. *Hinojos–Mendoza,* 169 P.3d at 668.

### C. Applicable Law

■ ¶ 10 Article V, section 21 of the Colorado Constitution states: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."[2] Section 21

1. The People do not contend on appeal, nor did they contend in the trial court, that Montgomery's claim that SOLSA is unconstitutional is only cognizable under Crim. P. 35(c), and therefore untimely. Thus, we do not address whether Montgomery's claim should be considered under Crim. P. 35(c).

2. Based on this language, Montgomery challenges the constitutionality of House Bill 98–1156, the enactment of which established SOLSA. He also properly challenges the constitutionality of SOLSA itself. *See Parrish v. Lamm,* 758 P.2d 1356, 1359 (Colo. 1988).

"embodies two requirements: a single subject requirement and a clear expression requirement." *Parrish v. Lamm,* 758 P.2d 1356, 1362 (Colo. 1988).

¶ 11 The single subject requirement is satisfied "[s]o long as the matters encompassed in [a piece of legislation] are necessarily or properly connected to each other rather than disconnected or incongruous." *Id.*; Colo. Const. art. V, § 21.

¶ 12 The clear expression requirement is satisfied if the legislation " 'is germane to the general subject expressed in the title,' " or " 'if it is relevant and appropriate to such subject.' " *Tinsley v. Crespin,* 137 Colo. 302, 309, 324 P.2d 1033, 1037 (1958) (quoting *H.L. Shaffer & Co. v. Prosser,* 99 Colo. 335, 339, 62 P.2d 1161, 1163 (1936)).

### D. Analysis

¶ 13 According to Montgomery, SOLSA is unconstitutional because its single subject, as identified in its title, is the supervision of convicted sex offenders, yet it addresses the sentencing, parole, and probation of convicted sex offenders. We disagree.

### 1. Single Subject Requirement

¶ 14 SOLSA's policy is summarized in its declaration of legislative intent:

> The general assembly hereby finds that the majority of persons who commit sex offenses, if incarcerated or supervised without treatment, will continue to present a danger to the public when released from incarceration and supervision. The general assembly also finds that keeping all sex offenders in lifetime incarceration imposes an unacceptably high cost in both state dollars and loss of human potential. The general assembly further finds that some sex offenders respond well to treatment and can function as safe, responsible, and contributing members of society, so long as they receive treatment and supervision. The general assembly therefore declares that a program under which sex offenders may receive treatment and supervision for the rest of their lives, if necessary, is

necessary for the safety, health, and welfare of the state.

§ 18-1.3-1001, C.R.S.2014.

¶ 15 SOLSA's single subject matter is the lifetime treatment and supervision of persons who commit sex offenses. *Id.* Its goal is to rehabilitate sex offenders while mitigating the dangers they pose to the public when released from incarceration. *Id.* To achieve this objective, SOLSA sets forth a detailed scheme for the supervision and rehabilitation of convicted sex offenders. *See* § 18-1.3-1004, C.R.S.2014 (SOLSA's sentencing guidelines); §§ 18-1.3-1005 to—1006, C.R.S.2014 (SOLSA's parole procedures and conditions); §§ 18-1.3-1007 to -1008, C.R.S.2014 (SOLSA's probation program).

¶ 16 The matters of sentencing, parole, and probation are properly connected because they are all means of accomplishing SOLSA's single objective of lifetime supervision of convicted sex offenders. *See Parrish,* 758 P.2d at 1362 (bill did not violate section 21 where it contained multiple matters that constituted the means of accomplishing bill's single objective).

¶ 17 Therefore, we conclude that SOLSA contains only one subject, and, for that reason, does not violate article V, section 21's single subject requirement.

### 2. Clear Expression Requirement

¶ 18 As noted, SOLSA's full title is the "Colorado Sex Offender Lifetime Supervision Act of 1998." § 18-1.3-1002, C.R.S. 2014. The matters of sentencing, parole, and probation are "clearly germane" to the subject of "lifetime supervision" of sex offenders. *See Dahlin v. City & Cnty. of Denver,* 97 Colo. 239, 240, 48 P.2d 1013, 1013 (1935) (defining the word "germane" as "closely allied; appropriate; relevant" (internal quotation marks omitted)). Sentencing, parole, and probation are means through which courts and the DOC supervise the behavior of convicted sex offenders. All three mechanisms are forms of supervision. They restrict the liberty of convicted sex offenders and limit the danger these individuals pose to the public. *See* § 18-1.3-1005 (DOC shall establish intensive supervision parole pro-

gram for convicted sex offenders); § 18–1.3–1007 (judicial department shall establish intensive supervision probation program for convicted sex offenders). SOLSA is not unconstitutional merely because the terms "sentencing," "parole," and "probation" are not mentioned in its title.

¶ 19 Therefore, we conclude that SOLSA does not violate the clear expression requirement of article V, section 21 of the Colorado Constitution.

### III. Excessive Sentence

¶ 20 Next, Montgomery contends that the trial court abused its discretion in imposing an excessive sentence that violated his constitutional rights. We disagree.[3]

### A. Applicable Law

■ ¶ 21 A trial court has "extremely broad" discretion to sentence within the permissible statutory range. *People v. Newman*, 91 P.3d 369, 371 (Colo.2004).

■ ¶ 22 The appellant "bears the responsibility to designate the record on appeal and to ensure its transmission to the appellate court." *People v. Rodriguez*, 914 P.2d 230, 260 (Colo. 1996). If an appellant does not designate as part of the record material portions of the proceedings, a reviewing court must assume that the omitted portions would support the judgment. *People v. Clendenin*, 232 P.3d 210, 216 (Colo.App. 2009).

### B. Analysis

■ ¶ 23 Montgomery has not designated the sentencing hearings as part of the record. Therefore, we cannot determine whether the trial court abused its discretion.

¶ 24 Accordingly, we presume that the trial court did not abuse its discretion, and that Montgomery's sentence is neither excessive nor in violation of his constitutional rights.

### IV. Other Contentions

¶ 25 Finally, Montgomery contends that (1) SOLSA is unconstitutional or invalid because it does not comport with the laws of a majority of other states; (2) a ruling in an unidentified Cañon City, Colorado, attempted murder case involving an intoxicated defendant is the basis for an equal protection claim; and (3) only House of Representatives bills are law, not the Colorado Revised Statutes.

¶ 26 We will not address these issues because Montgomery cites no authority for these contentions. *People v. Cooper*, 205 P.3d 475, 477 (Colo.App.2008) (refusing to address defendant's contention where he does not cite authority or present an analytical basis for reaching his conclusion).

¶ 27 Therefore, Montgomery's remaining contentions fail.

### V. Conclusion

¶ 28 The order is affirmed.

JUDGE TERRY and JUDGE RICHMAN concur.

3. The People contend that Montgomery's excessive sentence claim is only cognizable under Crim. P. 35(c), and therefore untimely. However, because we dismiss his excessive sentence claim for failure to adequately preserve the record, we do not address whether it should be considered under Crim. P. 35(c).