23CA1775 Peo v Marquez 11-27-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1775
Jefferson County District Court No. 22CR2763
Honorable Lindsay VanGilder, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ruben Marquez,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

Philip J. Weiser, Attorney General, Jessica E. Ross, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

The Law Office of Mark Burton, P.C., K. Mark Burton, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Ruben Marquez, appeals the district court's judgment of conviction entered pursuant to a plea agreement by which Marquez agreed to plead guilty to second degree murder, three counts of vehicular assault, and attempted second degree assault. He raises one issue on appeal: Did the district court reversibly err by denying him a continuance of the sentencing hearing to allow his newly retained attorney to investigate possible bases for withdrawing his guilty plea based on ineffective assistance of counsel? We conclude that the district court didn't abuse its discretion and therefore affirm.

## I.    Background

¶ 2    The People charged Marquez with numerous offenses — including first degree murder. The charges arose out of a fight outside a bar. According to the People, Marquez, who was involved in the fight, got into a pickup truck, left the scene, but made a U-turn, drove back to the bar, and drove through a crowd of people. One person was killed and at least four others were injured.

¶ 3    Following a multi-day preliminary hearing, the court found probable cause for all seventeen counts. Arraignment on the

charges was continued several times. On August 17, 2023, ten months after the People brought the case, the People and Marquez entered into a plea agreement. Marquez agreed to plead guilty to second degree murder, three counts of vehicular assault, and attempted second degree assault, and stipulated to a thirty-year prison sentence. He expressly admitted that he was the driver of the pickup. At the hearing on whether the court would accept the plea, Marquez said he had read the agreement (which he had signed) and had discussed it with his attorneys, he was satisfied with their representation of him, pleading guilty was his voluntary decision, and he had driven the pickup truck into a crowd, killing one person and injuring others. The court accepted the plea and scheduled sentencing for September 15.

¶ 4    The day before the sentencing hearing, private counsel (K. Mark Burton) and Marquez's public defender jointly moved for substitution of counsel. Though the court hadn't yet granted that motion, Burton filed another motion that same day to continue the sentencing hearing. Burton said he needed time to "investigate possible relief pursuant to Crim. P. 32(d)." He didn't elaborate. The

2

court denied the motion to continue sentencing, noting the motion's timing, inconvenience to the victims (who were prepared to speak at the hearing), and the failure to articulate any basis for Marquez to withdraw his plea under Crim. P. 32(d).

¶ 5 At the sentencing hearing the next day, both the public defender and Burton entered their appearances as Marquez's counsel. The prosecutor objected to any substitution of counsel and to continuing the sentencing hearing, and represented that the victims also objected. Walking through each of the factors specified in *People v. Brown*, 2014 CO 25, the prosecutor argued that Marquez hadn't shown sufficient reason for a continuance to allow substitute counsel to investigate grounds for withdrawing the plea.

¶ 6 Marquez's public defender responded that, if she were to continue to represent Marquez, she would need a continuance to prepare for sentencing because she had stopped preparing when she had learned Marquez had retained private counsel. Burton responded that this case was unlike *Brown* because Marquez hadn't requested multiple continuances. He said Marquez was moving to withdraw his plea, but didn't say why. Notably, Burton didn't

3

contest the prosecutor's statement that he was requesting an indefinite extension.

¶ 7 The court asked Burton to explain the possible basis for withdrawing Marquez's guilty plea. Burton said the public defenders had failed to investigate "witnesses who would be very favorable" in terms of supporting a defense that Marquez was fleeing an attack and had failed to investigate Marquez's vision problems, "which would have been, at the very least, mitigating."

¶ 8 Expressly acknowledging the *Brown* factors, the court denied the motion to continue, making the following relevant findings:

- At the preliminary hearing, Marquez's public defenders had cross-examined witnesses "extensively on the very issues that Mr. Burton is raising."

- Marquez's public defenders had discussed with the court Marquez's "diagnosis of blindness and sight deficiencies."

- There had been "extensive discussion at the time of the plea and the plea colloquy and [the court's] inquiry with . . . Marquez about the factual basis and his desire to plead guilty."

- A continuance would inconvenience the witnesses and victims ("many of whom" were present), and the parties.

- Though the case had been pending for over a year, the motions were filed only the day before sentencing. There was no explanation for why Marquez had waited several weeks after he entered his plea to file the motions.

- Denying a continuance wouldn't materially prejudice Marquez's case. Based on the court's knowledge of the case and the public defenders' investigation and cross-examination of witnesses, "it is difficult to ascertain that there would be good cause to withdraw [the plea]."

- Marquez could raise in a postconviction motion ineffective assistance of counsel based on a failure to investigate.

- The victims needed finality and the ability to "move forward in their own healing."

The court concluded that "it cannot find . . . under the [*Brown*] [f]actors that Mr. Marquez's right to [c]ounsel of choice outweighs the public interest [in] efficiency and integrity of proceeding to

[s]entencing" and it "cannot find under [*Brown*] that legitimate reasons warrant a delay at this juncture." With respect to withdrawal of the plea, the court said Marquez had failed to make "a record sufficient to make the Court believe that the failure to investigate is a meritorious [c]laim or that that constitutes a fair and just reason to withdraw the plea." The court therefore denied the oral motion to withdraw the plea.

¶ 9 Even so, the court continued the sentencing hearing for one week to allow Marquez's public defenders — the attorneys whom Marquez chose to represent him in that proceeding — time to prepare. (The court heard from a couple of the victims at the hearing on September 15.) The court sentenced Marquez to thirty years in the custody of the Department of Corrections — the sentence to which the parties had stipulated in the plea agreement.

## II. Discussion

¶ 10 As noted, the only issue Marquez raises on appeal is whether the district court violated his Sixth Amendment right to counsel of choice by denying his request for an indefinite continuance to allow privately retained counsel to investigate a claim of ineffective

assistance of counsel, on which he could base a motion to withdraw his plea under Crim. P. 32(d).

### A. Governing Law and Standard of Review

¶ 11 Because the Sixth Amendment recognizes a criminal defendant's right to counsel of his choosing, the defendant's choice of counsel is "entitled to great deference" and the court must "recognize a presumption in favor of a defendant's choice of retained counsel." *People v. Gilbert*, 2022 CO 23, ¶ 19 (first quoting *Rodriguez v. Dist. Ct.*, 719 P.2d 699, 705 (Colo. 1986), and then quoting *Ronquillo v. People*, 2017 CO 99, ¶ 17). But this right isn't absolute. As relevant to this case, when a defendant requests a continuance to substitute one attorney for another, the court "must balance the defendant's Sixth Amendment right to counsel of choice against the demands of fairness and efficiency." *Brown*, ¶ 20. The court "is only required to grant a continuance if there is a *compelling reason* to do so because 'only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a *justifiable* request for delay" violates the right to the assistance of

counsel.'" *Id.* (emphases added) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)).

¶ 12   In *Brown,* the supreme court set forth a nonexhaustive list of eleven factors the district court should consider, the last of which is a catchall: "any other case-specific factors necessitating or weighing against further delay." *Id.* at ¶ 24. "[N]o single factor is dispositive and the weight accorded to each factor will vary depending on the specific facts at issue in the case." *Id.* But "the court must accord the defendant's right to counsel of choice significant weight." *Id.* at ¶ 21.

¶ 13   "[T]he trial court is undeniably in the best position to determine whether a continuance is appropriate." *Id.* at ¶ 26. So we review its decision for an abuse of discretion. *Id.* at ¶ 19; *accord Gilbert,* ¶ 18. Thus, we "will reverse only if, based on the totality of the circumstances, . . . the trial court's decision 'was arbitrary or unreasonable and materially prejudiced the defendant.'" *Gilbert,* ¶ 18 (citation omitted and quoting *Brown,* ¶ 19). And when, as in this case, the court's findings are on the record, "we will respect the

court's findings of fact so long as the findings are supported by evidence in the record." *Brown*, ¶ 26.

### B. Analysis

¶ 14 Marquez's primary challenge to the district court's ruling is that — in his view — the court "gave no weight to [his] constitutional right to counsel of choice, much less the 'significant weight' or 'great deference' the case law demands." As he sees it, the court denied a continuance based only on "expeditiousness and the desire to move the case along to sentencing." We don't agree.

¶ 15 The court demonstrated its familiarity with the *Brown* rubric and expressly considered a number of the *Brown* factors that the court deemed relevant. And it did so — properly — by taking into account the reason for the requested continuance. Marquez didn't request a continuance so his new attorney could prepare for sentencing; he requested a continuance — and an indefinite one at that — so his new attorney could investigate a basis for moving to set aside the guilty plea based on potential ineffective assistance of counsel.

¶ 16    The court found that moving to set aside the plea on this basis would likely be futile given (1) that Marquez's public defenders had demonstrated their awareness of the issues and witnesses his new counsel claimed the public defenders had failed to investigate and (2) Marquez's admissions to certain of the offenses at the plea hearing.  The court based its conclusion as to the public defenders' knowledge largely, though not exclusively, on their performance at the preliminary hearing, at which the court had presided.  Marquez hasn't provided us with a transcript of that hearing, so we must presume that it would support the court's ruling.  *Till v. People*, 581 P.2d 299, 299 (Colo. 1978); *People v. Montgomery*, 2014 COA 166, ¶ 22.  And at the plea hearing, Marquez expressly admitted that he "drove a truck into a crowd that ultimately hit and killed [a victim], and injured the other named victims."[1]  All this supports the court's conclusion that there was no "compelling" or "justifiable" basis, *Brown*, ¶ 20, for continuing the sentencing hearing.

---

[1] In the written plea agreement, Marquez also admitted that he had driven the vehicle, had knowingly caused another's death, and had recklessly caused serious bodily injury to another.

10

¶ 17    Marquez, however, takes issue with the court's findings on a couple of the *Brown* factors.  He says the court found no prejudice save for "inconvenience to the witnesses and parties created by changing sentencing dates."  But that was some prejudice nonetheless, particularly because, as noted, Marquez wasn't seeking a continuance merely to allow his new attorney to prepare for sentencing.  And an indefinite continuance to allow new counsel to start from scratch risked significant delay given the extent of the evidence and the complexity of the case — another *Brown* factor that the court considered.

¶ 18    In addition, Marquez asserts that he didn't contribute to the delay "other than trying to hire counsel of choice after his August 17, 2023, plea hearing."  But the court considered not only that delay but the delay — approaching a year — leading up to the plea hearing, much of which was at Marquez's insistence.  Had Marquez believed his public defenders had failed to sufficiently investigate

11

his witnesses and eyesight problems, he had ample time before the plea hearing to raise that concern or hire replacement counsel.[2]

¶ 19     Marquez also argues that the court erred by relying on the fact that he could file a Crim. P. 35(c) motion challenging his prior attorneys' effectiveness.  He says the court "ignored the major differences between the two forms of relief."  More specifically, he says "[t]he two rules [Crim. P. 32(d) and Crim. P. 35(c)] have very different standards of review," with the latter implicating a more onerous burden.  But the Colorado Supreme Court has held that, to establish a "fair and just reason" to withdraw a plea under Crim. P. 32(d) based on ineffective assistance of counsel, a defendant must prove both prongs of the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 686, 687 (1984), just as a defendant must do when moving under Crim. P. 35(c).  *People v. Madera*, 112 P.3d 688, 692 (Colo. 2005); *see People v. Figueroa-Lemus*, 2020 CO 59, ¶¶ 15-18; *People v. Lopez*, 12 P.3d 869, 871-72

---

[2] The preliminary hearing occurred over several days in February and March of 2023.  Despite seeing the prosecution's evidence and his public defenders' challenges to that evidence at that time, Marquez didn't allege a failure to investigate until more than six months later, after he had pleaded guilty.

(Colo. App. 2000) (explaining that, "even in the context of a Crim. P. 32(d) motion to withdraw a guilty plea prior to sentencing, a trial court may decline to appoint new counsel to represent the defendant if the claim of ineffective assistance is simply conclusory or is contradicted by the record," and rejecting the defendant's argument that the trial court erred by denying his motion to withdraw his guilty plea before sentencing without appointing new counsel because, "having presided over a one-and-one-half day preliminary hearing, at which [the] defendant was present and at which the factual basis for the charges against him was established, the court could properly conclude that there was no support for defendant's contention that his attorneys had failed to apprise him of the facts of the case").

¶ 20    In sum, we conclude that the district court didn't abuse its discretion by denying Marquez's request to continue the sentencing hearing.

### III.    Disposition

¶ 21    The judgment is affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.

13